**In re MACON UPLANDS VENTURE, a Limited Partnership, Debtor.**

**Bankruptcy No. 79–2–1862–L.**

United States Bankruptcy Court,
D. Maryland.

Nov. 5, 1979.

See also, Bkrtcy., 2 B.R. 429.

Charles M. Tatelbaum and Stephen F. Fruin, Schimmel & Tatelbaum, P. A., Baltimore, Md., for Macon Uplands Venture.

E. Stephen Derby, Piper & Marbury, Baltimore, Md., for Metropolitan Life Ins. Co.

## MEMORANDUM OPINION

HARVEY M. LEBOWITZ, Bankruptcy Judge.

This action is brought before this court on a Motion filed by Metropolitan Life Insurance Company ("Metropolitan") to "Dismiss or In the Alternative To Transfer a Case" which was filed in this court by Macon Uplands Venture, Debtor, under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101 *et seq.*, ("the Code"). The issues presented by the Motion can be readily delineated into the following three categories.

I. Does Macon Uplands Venture ("Debtor") have the right to file, and can this court entertain and retain jurisdiction over, a voluntary petition commencing a case under Chapter 11 of the Code where there is an appeal pending in another District from an involuntary order entered by the Bankruptcy Court of that District dismissing a Chapter XII case previously filed under the Bankruptcy Act of 1898 as amended ("the Act"), and where the United States District Court of that District has denied Debtor's motion to dismiss its appeal and has indicated that it retains jurisdiction over the Debtor and its res?

II. If it be determined by the court that the petition under Chapter 11 of the Code is properly filed and this court may entertain and exercise jurisdiction over the case, should the court nevertheless dismiss this case and abstain from asserting jurisdiction?

III. If it be determined by the court that the petition under Chapter 11 of the Code is properly filed and this court may entertain and exercise jurisdiction over the case, should the case be transferred to the other District?

## PROCEEDINGS BEFORE THIS COURT

On October 17, 1979, Macon Uplands Venture (the "Debtor") filed a Voluntary Petition under Chapter 11 of the Code initiating this case. The Debtor's principal asset is the Macon Hilton Hotel located in Macon, Georgia. Metropolitan is a secured creditor of the Debtor. Metropolitan holds a note in the original amount of $3,300,000.00 secured by a first lien deed which conveys the Macon Hilton Hotel to Metropolitan.

Metropolitan in this court on October 29, 1979, filed a Motion to Dismiss, Or, in the Alternative, To Transfer Case. The Debtor answered the Motion and both parties in interest have filed supporting memoranda. Hearing was held on October 31, 1979, at which time arguments were presented by counsel for Debtor and Metropolitan. In view of the nature of the proceeding, the court regarded Metropolitan's Motion as a Motion to Strike the Voluntary Petition under Rule 12(f) of the Federal Rules of Civil Procedure and Bankruptcy Rule 712. A Notice of Meeting to Creditors was not sent nor is such Notice or hearing required by the above rules. The action requested to be taken by this court is not a dismissal of a case in progress as contemplated by the Code, but is in effect a determination of whether to accept an allegedly improperly filed paper. The parties to the Motion have received notice and have been fully heard. Even if notice and hearing are required, the court deems that the notice and hearing that have been accorded are appropriate under the circumstances. 11 U.S.C. § 102(1), 2 Collier on Bankruptcy ¶ 102.02 at 102–3 (15th ed.).

There appears to be no dispute as to any material fact necessary to reach the determinations hereinafter made.

## PRIOR PROCEEDINGS

On February 17, 1978 the Debtor filed an Original Petition under Chapter XII of the Bankruptcy Act in the United States District Court for the District of Maryland, Bankruptcy Case No. 78–00183–K.

On March 22, 1978, Metropolitan filed a Motion in the above proceeding to transfer the case to the United States District Court for the Middle District of Georgia, and a hearing was scheduled for March 28, 1978.

Metropolitan filed a Memorandum in Support of its Motion to Transfer together with exhibits, and the Debtor filed an Answer and Memorandum. Following the March 28, 1978 hearing, Joseph O. Kaiser, Bankruptcy Judge, entered an Order dated March 30, 1978, transferring the case to the United States District Court for the Middle District of Georgia. Among the factors considered by Judge Kaiser in determining to transfer were that the principal asset of the Debtor was located in Georgia; that the principal business operation of the Debtor is the operation of the Macon Hilton Hotel located in Georgia; that the Bankruptcy Court in Georgia would be in a better position to supervise the operation of the hotel and be more familiar with the conditions and resources; that 115 of the 151 unsecured creditors were located in Georgia while only 6 were located in Maryland; that Macon Uplands Venture is a limited partnership organized under the laws of Georgia; the second and third mortgage holder, First National Bank and Trust Company of Macon, and the fourth mortgage holder, Greater Macon Developments, Inc., are located in Georgia; that the Bankruptcy Court in Georgia could better evaluate any appraisers and appraisals; and that for the convenience of the parties and in the interests of justice the case should be transferred.

Debtor on March 31, 1978 noticed an appeal from the Order transferring the case, and on April 5, 1978, after hearing counsel, Judge Kaiser from the bench in open court denied Debtor's Motion for Stay Pending Appeal. On April 10, 1978, Joseph H. Young, United States District Judge for the District of Maryland, denied Debtor's Motion for Stay Pending Appeal. Subsequently, Debtor dismissed its appeal.

On September 8, 1978, in Bankruptcy Case No. 78–792–MAC in the United States District Court for the Middle District of Georgia, Macon Division, the Debtor under Chapter XII of the Bankruptcy Act filed the first version of its plan of arrangement which was subsequently modified three times. On September 14, 1978, Metropolitan filed its own plan of arrangement. On

October 5, 1978, Judge W. J. Patterson, Jr., Bankruptcy Judge for the United States District Court for the Middle District of Georgia, Macon Division, issued a notice of an adjourned first meeting of creditors, scheduled for November 6, 1978. On October 27, 1978, both the Debtor and Metropolitan applied to the Bankruptcy Court for confirmation of their respective plans. On October 30, 1978, Metropolitan filed its Motion to Dismiss under Rule 12–41(b)(3). On November 3, 1978, the Debtor filed its opposition to Metropolitan's Motion to Dismiss. On January 11, 1979, Judge Patterson, by stipulation of counsel, entered an Order deferring consideration of Metropolitan's plan pending consideration of the Debtor's plan. On February 8, 1979, the Bankruptcy Court issued its notice of an adjourned first meeting of creditors for February 26, 1979. No mention of dismissal pursuant to Rule 12–41(b)(3) was made. On February 14, 1979, a second notice was issued for the February 26, 1979 meeting which stated that the hearing would consider confirmation of Debtor's plan and "[a]ny other matters as may properly come before the court." On February 26, 1979, a hearing was held before Judge Patterson pursuant to the above notices. (Exhibit I to Metropolitan's Motion to Dismiss, Order of Wilbur D. Owens, Jr., United States District Judge for the Middle District of Georgia).

On July 13, 1979, Judge Patterson by order with a memorandum decision denied confirmation of the Debtor's Chapter XII plan, dismissed the Debtor's Chapter XII case, but retained jurisdiction of the case for the purpose of setting costs and compensation for services rendered. Judge Patterson in his opinion found that the Debtor's plan was not feasible and did not provide adequate means for execution nor was there a reasonable likelihood of rehabilitation. (Exhibit H to Metropolitan's Motion to Dismiss). However, it has been represented to this court that a plan of arrangement proposed by Metropolitan which had been held in abeyance by Judge Patterson never was considered, and after Judge Patterson dismissed the Chapter XII case

on the basis of the non-feasibility of the Debtor's plan, counsel for Metropolitan moved for and the Bankruptcy Court allowed the dismissal of Metropolitan's plan.

The Debtor filed an appeal from Judge Patterson's Order of Dismissal of the Chapter XII petition and sought a continuation of the stay. After a hearing before Wilbur D. Owens, United States District Judge for the Middle District of Georgia, the stay was continued for a period of thirty (30) days.

By Order of August 28, 1979, Judge Owens remanded the case to Judge Patterson for further notice and hearing on the dismissal so that the Bankruptcy Court could comply with Rule 12–41(b) and § 481 of the Bankruptcy Act and thereafter affirm or vacate its July 13, 1979 Order of Dismissal as it thought appropriate. Judge Owens also extended the stay of the Bankruptcy Court's Order of Dismissal until ten (10) days after the entry of an Order by Judge Patterson either reaffirming or vacating the Order of July 13, 1979. Although the case was remanded to Judge Patterson for the purpose of either reaffirming or vacating his prior Order, Judge Owens retained "jurisdiction of this appeal during these proceedings so that a new appeal will not have to be filed". (Exhibit I to Metropolitan's Motion to Dismiss).

Judge Patterson, on remand, reaffirmed his Order of Dismissal of the Chapter XII petition on October 1, 1979—the date of the intervention of the Bankruptcy Reform Act of 1978—thereby precluding any opportunity on the part of Macon Uplands Venture to file another petition under Chapter XII of the Bankruptcy Act or to file a voluntary petition in straight bankruptcy under that Act since that Act no longer existed.

The Debtor moved to stay the Bankruptcy Court's Orders of Dismissal of July 13, 1979 and October 1, 1979 pending appeal and on October 11, 1979, Judge Owens entered an Order requiring the Debtor to show cause why a supersedeas bond representing interest accrued to Metropolitan to date in the amount of $442,499.16 should not be required as a condition of further stay. (Exhibit K to Metropolitan's Motion to Dismiss).

Counsel for the Debtor orally advised Judge Owens of the Debtor's intention to dismiss its appeal for the purpose of commencing a new bankruptcy proceeding under the Code in the United States District Court for the District of Maryland. The Debtor filed a motion to dismiss its motion for a stay of foreclosure pending appeal and an Order was entered by Judge Owens on October 16, 1979, in which he states that he suggested to counsel for the Debtor that the Debtor's intention to dismiss in that court and refile under the Code in the District of Maryland would be contrary to the savings provision of the Code (§ 403 of Pub.L.95–598, Title IV). The Order further stated:

It being the clear intention of Congress that this case which was commenced under the old law . . . will proceed 'as if this [Bankruptcy Reform] Act had not been enacted . . .' the sole remedy of debtor is under the provisions of the old law. If this case is dismissed, debtor will have voluntarily dismissed its only appeal of right from Bankruptcy Judge Patterson's order of dismissal and it will have no further right to proceed in this court or any other United States Court. Contrary to the language of debtor's motion the dismissal of debtor's appeal will be *with prejudice* to the right of the debtor to further proceed under the bankruptcy laws of the United States, an effect greater than stated in its motion.

Because of its views this court is willing to grant debtor's motion to dismiss but only with prejudice to the rights of debtor to further proceed under the bankruptcy laws—old or new—of the United States. Any other dismissal would be for an impermissible purpose and will not be granted by this court.

Debtor by 5:00 p. m. Monday, October 22, 1979, shall elect in writing filed with the clerk to either continue with its appeal or to have its appeal dismissed with prejudice to its rights to further proceed under the bankruptcy laws—old or new—of the United States.

The Order further vacated the hearing on Debtor's motion for a further stay which was to be held on October 18, 1979, on account of the Debtor's dismissal of that motion.

Judge Owens entered an Order dated October 25, 1979, in which he responded to the question of his court's jurisdiction that was raised by the Debtor, and stated:

. . . Jurisdiction was established in this court over the Debtor and all of its assets when Debtor filed its notice of appeal on July 23, 1979. That jurisdiction has never ended. When this court remanded the issue of dismissal to the bankruptcy judge to remedy procedural defects in its earlier order, this court expressly retained jurisdiction of the appeal. Debtor's appeal is still pending before this court. At the same time, all stays previously entered by this court have expired and foreclosure proceedings have been instituted by Metropolitan Life Insurance Company, the first secured creditor. Debtor has withdrawn its last motion for a stay pending appeal. In short, jurisdiction over the Debtor and its *res* remains in the breast of this court. By its opinion of October 16, 1979, this court warned the Debtor of the consequences of dismissal and called upon the Debtor to state whether or not it desired these consequences. Debtor's response, somewhat ambiguously expressed, indicates no desire for such consequences, i. e., the with prejudice dismissal—the end—of its reorganization proceedings under the bankruptcy laws. Therefore, the Debtor's motion to dismiss the appeal is hereby DENIED.

The court will decide the appeal.

Metropolitan is presently proceeding with a nonjudicial foreclosure action in Georgia and the hotel property is now scheduled to be sold on the courthouse steps on November 6, 1979. To this court's knowledge there has been no advertising of the sale by Metropolitan other than that necessary to comply with the laws of Georgia for a nonjudicial foreclosure. There are three other substantial mortgages on the property as well as unsecured creditors of the Debtor. The amount of the outstanding indebtedness due Metropolitan is $2,933,694.00 principal and $435,552.05 interest to and including October 1, 1979 for a total of $3,369,246.05. On page 9 of the Memorandum Decision of Judge Patterson entered with the Order of July 13, 1979, he found as a fact that the Hilton hotel has a going concern value of $4,500,000.00, a liquidation or bid price or current fair market selling price of $3,660,000.00 and a loan value of $3,375,000.00. Under these circumstances a sale of the property on the courthouse steps on November 6, 1979 may, with costs and expenses of sale, produce no funds for any creditor except Metropolitan and possibly not even enough proceeds to satisfy the entire debt of Metropolitan.

## I.

The threshold question which this court must decide is whether the Debtor, under the circumstances presented here, has the right to file a voluntary petition commencing a case under Chapter 11 of the Code in this court and whether this court can entertain and retain jurisdiction over the case. If not, the other issues raised by Metropolitan's motion, namely abstention and transfer, become moot and need not be decided.

The only authority referred to by Judge Owens in his opinion of October 16, 1979 and by Metropolitan in its memorandum submitted in these proceedings is the "Savings Provision" of the Bankruptcy Reform Act of 1978; § 403(a) of Pub.L.95–598, Title IV, November 6, 1978, 92 Stat. 2683 which provides:

A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act [The Bankruptcy Reform Act] had not been enacted, and the substantive rights of the parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter or proceeding as if the Act [The Bankruptcy Reform Act] had not been enacted.

At the hearing held in this court on October 31, 1979, counsel for the parties argued with complete candor with regard to their respective interpretations of this section. This court has not been directed to nor is it able to find anything in the commentaries written on the Code or in the legislative history with respect to the section which would render any assistance or guidance in making its determination with respect to the operative effect of this section. Therefore, this court has been called upon to construe the meaning of this section as it relates to this case. Counsel for Metropolitan concedes that if the Chapter XII case in Georgia had been concluded, he finds no prohibition in the Code against the Debtor's filing a Chapter 11 case under the Code in Maryland. The court agrees. Counsel for Metropolitan however takes the position that if there are still proceedings pending in Georgia in the Chapter XII case, the Debtor is precluded from filing a Chapter 11 under the Code in this court.

The first question that the court is asked to decide is whether there are any proceedings pending in the Middle District of Georgia. It is clear that Judge Patterson has dismissed the Chapter XII case and the case has not been reinstated. Judge Patterson has, however, retained some limited jurisdiction for the purpose of assessing costs and the allowance of compensation for services rendered. Even though Judge Owens remanded the case to Judge Patterson in his Order of August 28, 1979, Judge Owens stated that he retained jurisdiction of the appeal during the proceedings so that a new appeal will not have to be filed. Judge Owens continued to exercise jurisdiction when he entered the Orders of October 11, 16 and 25 and in his Order of October 25, denying Debtor's motion to dismiss the appeal, expressly stated that jurisdiction over the Debtor and its res remained in that court. This court must therefore conclude that there are proceedings pending in the Chapter XII case in the United States District Court for the Middle District of Georgia, and that, for the purposes of that case, limited jurisdiction has been retained by Judge Patterson for ministerial acts and by Judge Owens for the purposes of appeal.

■ Although this court finds there is a pending case in the United States District Court for the Middle District of Georgia, under Chapter XII of the Act, this court further finds that the existence of the pending proceedings under Chapter XII of the Act does not prevent the Debtor from filing a new case under Chapter 11 of the Code.

The effect of § 403(a) of the Bankruptcy Reform Act was not squarely ruled upon by Judge Owens. In his Order of October 16, 1979, Judge Owens gave his views on what he believed to be the intention of Congress in enacting that section as his reasons for being unwilling to grant Debtor's motion to dismiss unless he did so *with prejudice* under the terms as therein stated. However, he did not, in fact, grant Debtor's motion to dismiss under any terms. He instead denied Debtor's motion to dismiss the appeal by his Order of October 25, 1979. As a result of the denial of Debtor's motion to dismiss, the observations made by Judge Owens in the prior order could be considered as dicta and any conditions that Judge Owens may have considered imposing in any order of dismissal have been made moot.

In interpreting § 403(a), this court restricts itself to a literal reading of that section. It merely states that "[a] case commenced under the Bankruptcy Act" must be prosecuted and determined under that Act as though the Code had never been enacted. The "case commenced" in this instance is the Debtor's Chapter XII proceedings commenced in the United States District Court for the District of Maryland and transferred to the Middle District of Georgia by Judge Kaiser on March 30, 1978, and that case must be governed by the provisions of the Act. This court finds nothing in § 403(a) nor in any other part of the Code, nor can counsel direct the court to any part of the Code, which would expressly prohibit or preclude the Debtor from filing a petition under Chapter 11 of the Code while there may be some proceedings still pending in Georgia under the Act.

This court will not dispute Judge Owens' assertion of jurisdiction over the Debtor and its res, but it is the opinion of this court that any such jurisdiction is for the purpose of determining the appeal presently pending before him of the dismissal of the Chapter XII case by Judge Patterson. If the Order of dismissal of Judge Patterson is reversed and the case remanded for the purpose of the continuation of the Chapter XII proceeding in order to consider a plan of arrangement proposed by the Debtor or any secured creditor, then, under rules of comity, this court may abstain from jurisdiction in accordance with § 305 of the Bankruptcy Reform Act.

■ This court is a court of equity and has all the powers of a court of equity. Bankruptcy Reform Act § 105(a), 11 U.S.C. § 105(a); 2 Collier on Bankruptcy ¶ 105.02 at 105–2 (15th ed.). The circumstances involved in this case—the denial of a stay pending appeal, the imminent foreclosure of the Debtor's only asset, the nonjudicial foreclosure sale pursuant to Georgia law to be held on the courthouse steps and not at the situs of the property, the probability of limited advertising sufficient only to meet the foreclosure requirements, Metropolitan being allowed to withdraw its proposed plan of arrangement following the dismissal of the case by Judge Patterson without consideration of the proposed plan, and this court's responsibility and obligation to act in the best interests of all the creditors and the Debtor—mandate the result reached.

This ruling is intended to be narrowly applied to the facts presented in this case and only in the circumstances where the dismissal of a case under the Bankruptcy Act was not voluntary on the part of the Debtor, but was, instead, dismissed by the court. The Debtor here did not attempt to dismiss its voluntary petition under Chapter XII of the Act; it attempted only to dismiss its appeal. This ruling is not intended as a determination of the applicability of § 403 of the Bankruptcy Reform Act where the Debtor voluntarily dismisses a pending case under the Act. This court considers the concerns raised by this case and by situations which may be presented in other cases that are presently pending under the Act to be the proper province for Congressional action and not for the courts.

Accordingly Metropolitan's Motion to Dismiss will be denied. Jurisdiction having been established in this court, the automatic stay provided by § 362 of the Bankruptcy Reform Act, 11 U.S.C. § 362, became effective as of the time of the filing of the petition in Chapter 11 by the Debtor, October 17, 1979.

### II.

Having determined that Debtor's petition under Chapter 11 of the Code has been properly filed and that this court has jurisdiction over same, Metropolitan requests that this court dismiss this case and abstain from jurisdiction under § 305 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 305 and § 241(a) of Title II of the Bankruptcy Reform Act, 28 U.S.C. § 1471(d).

■ Although § 402(b) of the Bankruptcy Reform Act provides that the amendments made by § 241 of the Bankruptcy Reform Act are not to take effect until April 1, 1984, § 405(b) of the Bankruptcy Reform Act provides that "[d]uring the transition period, the amendments made by Sections 241 . . . of this Act shall apply to the courts of bankruptcy continued by Section 404(a) of this Act the same as such amendments apply to the United States bankruptcy courts established under Section 201 of this Act." Even though § 1471(d), (§ 241(a)) is presently in effect, it is inapplicable here. The Legislative History of § 305 of the Bankruptcy Reform Act clearly indicates that the abstention provided for under § 1471(d) is abstention over a particular proceeding in a case and not over the entire case. Metropolitan has requested this court to abstain from the entire case and not a particular proceeding and such abstention is governed by § 305 of the Bankruptcy Reform Act. *See* Legislative History § 305, House Report No. 95–595, 95th Cong., 1st Sess. (1977) 325; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 35, U.S.Code Cong. & Admin.News

**428**

1978, p. 5787. Since abstention under § 305 is discretionary, this court declines to abstain and this discretion to assert its jurisdiction is not reviewable by appeal or otherwise. 6 Bkr.L.Ed. § 51:19 at 27. Abstention by this court would be an abdication of its responsibility and would have the effect of "passing the buck" to another court.

### III.

Metropolitan in its Motion to Dismiss, Or, In the Alternative, To Transfer Case requests this court, if it does not dismiss the case, to transfer it to the United States District Court for the Middle District of Georgia. In paragraphs 21 through 27 of Metropolitan's motion it states its reasons why the case should be transferred. Metropolitan also attaches to its motion a memorandum in support of the motion to transfer which it submitted to Judge Kaiser in the Chapter XII case on March 27, 1978. After a hearing on March 28, 1978, Judge Kaiser transferred the case to the Middle District of Georgia based on the facts as they then existed and as they were presented to him in the Chapter XII case.

Metropolitan cites § 1475 of Title 28 of the United States Code enacted as part of § 241 of the Bankruptcy Reform Act of 1978 as its authority for this court to transfer the case to the Middle District of Georgia. The court agrees with Metropolitan's argument that § 1475 is presently applicable to Courts of Bankruptcy for the reasons stated above with respect to § 1471 of Title 28. The court further finds that it has the power to transfer this case pursuant to Bankruptcy Rule 116(c) which remains unaffected by the intervention of the Code. *See* 1979 Collier Pamphlet Edition, Part 2 at 65, 1978 Bankruptcy Code—Comment to Rule 116; 6 Bkr.L.Ed. § 51:58.5 at 62.

Metropolitan first argues that the determination made by Judge Kaiser to transfer the Chapter XII case to Georgia is *res judicata* as to the question of venue. However, the authority cited by Metropolitan, 1 Collier on Bankruptcy ¶ 2.05. at 150 (14th ed.) and 6 Collier on Bankruptcy ¶ 3.12 at 496 (14th ed.) does not concern a determination of venue, but rather discusses the principle that a court's determination of *jurisdiction* is *res judicata*. Judge Kaiser merely made the determination that, based on the evidence presented at the hearing on March 28, 1978, arguments, and memoranda of counsel, and under the circumstances that existed at that time with respect to the Chapter XII case, it appeared a transfer of those proceedings to the United States District Court for the Middle District of Georgia would be in the interest of justice and the convenience of the parties. The determination made by Judge Kaiser under the circumstances existing in March, 1978 in that Chapter XII case is not *res judicata* in the instant Chapter 11 case under the circumstances as they presently exist.

Metropolitan has also requested that the case be transferred for the substantive reasons set forth in its motion. This court will hold an evidentiary hearing on the question of where venue properly lies under the Chapter 11 case.

The Debtor has also filed in this case on October 30, 1979, a Complaint for Injunctive Relief and a Complaint for Monetary Relief alleging jurisdiction of this court under § 1471 of the Code, 28 U.S.C. § 1471. Since the Chapter 11 petition brought by Debtor is properly filed, there is a case pending before this court in which these complaints may be filed. The complaints will therefore be considered by the court in due course.

Accordingly, an order has been issued hereupon, and is attached hereto and made a part hereof.