In the Matter of MACON UPLANDS
VENTURE, Debtor.

Civ. A. No. 79–200–MAC.
Bankruptcy No. 78–292–MAC.

United States District Court,
M. D. Georgia,
Macon Division.

Nov. 20, 1979.

See also, Bkrtcy., 2 B.R. 421.

Charles M. Tatelbaum, Stephen F. Fruin, Schimmel & Tatelbaum, Baltimore, Md., for debtor.

Carol V. Clark, Lowell L. Hughen, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., Cubbedge Snow, Jr., Martin, Snow, Grant & Napier, Macon, Ga., for Metropolitan Life Ins. Co.

Timothy K. Adams, Jones, Cork, Miller & Benton, Macon, Ga., for First National Bank & Trust Company in Macon.

William M. Flatau, Brown, Katz, Flatau & Hasty, Macon, Ga., for Greater Macon Developments, Inc.

## ORDER

OWENS, District Judge.

This Chapter XII bankruptcy appeal is presently before the court on Metropolitan Life Insurance Company's motions to enjoin bankruptcy proceedings recently filed by

Macon Uplands Venture, the Debtor, in the District of Maryland and to transfer that proceeding to this district.

Metropolitan is the first lienholder on the Debtor's principal asset which is the Macon Hilton Hotel located in Macon, Georgia just a couple of city blocks from this courthouse. The Debtor is a Georgia limited partnership whose sole activity has been the ownership and operation of this hotel.

On February 17, 1978, the Debtor filed an Original Petition under Chapter XII of the Bankruptcy Act in the United States District Court for the District of Maryland. Upon Metropolitan's motion, Honorable Joseph O. Kaiser, Bankruptcy Judge, entered his Order of March 30, 1978 transferring these proceedings to the United States District Court for the Middle District of Georgia "in the interest of justice and for the convenience of the parties." On September 8, 1978, Debtor filed its first plan of arrangement before Honorable W. J. Patterson, Jr., Bankruptcy Judge. The Debtor subsequently modified its plan three times. On February 26, 1979, Judge Patterson held a hearing on the Debtor's modified plan. On July 13, 1979, Judge Patterson denied confirmation of the Debtor's plan and, finding that there was no reasonable likelihood of rehabilitation, dismissed the proceedings though retaining jurisdiction to set costs and compensation for services rendered. The Debtor then filed his notice of appeal which brought the case to this court where it has since been pending. On August 28, 1979, this court found that there had been inadequate notice of the bankruptcy court's intention to consider dismissal. Therefore, the dismissal order was remanded to Judge Patterson so that proper notice and hearing could be had and Judge Patterson could either affirm or vacate his Order of Dismissal of July 13, 1979. This court specifically retained jurisdiction of the appeal during the remand and the parties, without objection, continued their briefing schedule as previously set by this court.

During the pendency of this appeal, this court has been asked on two occasions to stay Judge Patterson's Order of Dismissal so that foreclosure proceedings against the Debtor's hotel could not be commenced or proceed to sale. On August 8, 1979, this court issued a temporary stay effective until September 1, 1979 so that it might look into the question more thoroughly. Finding the procedural deficiency above mentioned, this court, in its Order of August 28, 1979, continued its stay until ten days after the entry of the bankruptcy judge's order complying with this court's instructions on the remand. Judge Patterson entered his Order reaffirming his dismissal of the proceedings on October 1, 1979. Therefore, this court's previously granted stay expired after October 11, 1979. The Debtor then submitted its Motion to Continue Stay Pending Appeal. This court scheduled a hearing on this motion for October 18, 1979 but prior to the appointed date, Debtor withdrew its motion and filed a Motion to Dismiss the appeal.

The circumstances surrounding the Debtor's decision to seek dismissal of these proceedings are described in this court's Order of October 16, 1979.[1] The Debtor intended to dismiss this proceeding *without prejudice* and file a new proceeding in the United States Bankruptcy Court for the District of Maryland under Chapter 11 of the Bankruptcy Reform Act of 1978. The Debtor contends that it may thereby start afresh under the more liberal, as Debtor believes, provisions of the Reform Act. This court, being of the opinion that the intent of the savings clause of the Reform Act (§ 403 of Pub.Law 95–598, Title IV, Nov. 6, 1978, 92 Stat. 2683) would prevent Debtor from accomplishing his professed goal of taking advantage of the Reform Act, ultimately denied his Motion to Dismiss on October 25, 1979.

Upon the expiration of the last stay granted by this court, Metropolitan began publishing notice of foreclosure. After this court denied the Debtor's Motion to Dismiss, the Debtor failed to make any new motion for a stay; therefore, Metropolitan's foreclosure proceedings continued.

---

1. A copy of Order of October 16, 1979 is attached to this opinion as Appendix A.

On October 17, 1979, the Debtor filed a Voluntary Petition purportedly under Chapter 11 of the Bankruptcy Reform Act of 1978 in the United States Bankruptcy Court for the District of Maryland. On November 5, 1979, Honorable Harvey M. Lebowitz, Bankruptcy Judge, entered an Order denying Metropolitan's Motion to Dismiss and asserting jurisdiction of the case as a Chapter 11 proceeding under the Reform Act. Judge Lebowitz stated his intention to hold an evidentiary hearing on Metropolitan's Motion to Transfer the new proceedings to this district but has yet to set a date. As a result of Judge Lebowitz's assertion of jurisdiction the sale of the hotel pursuant to Metropolitan's published notices was automatically stayed.

*Motion to Enjoin the Maryland Proceedings*

This court acquired jurisdiction of this case when Judge Kaiser entered his order transferring this case to this district on March 30, 1978. Under the Bankruptcy Act which is applicable to this case, this court has "exclusive jurisdiction of the debtor and his property, wherever located." Section 411 of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 811; *In re Imperial "400" National, Inc.*, 429 F.2d 671 (3d Cir. 1970). This court is of the opinion that the Maryland court, under a correct interpretation of the savings clause, is governed by the same provisions of the Bankruptcy Act of 1898. Thus it also is asserting "exclusive jurisdiction of the debtor and his property" under § 411. Assuming that the Reform Act were applicable, however, the same exclusive jurisdiction is vested in the Maryland court pursuant to 28 U.S.C.A. § 1471(e). Thus we have two federal courts, each asserting exclusive jurisdiction over this Debtor and the Debtor's sole asset, the Macon Hilton. As a result of this conflict in jurisdiction, the question, heretofore left to this court, of whether a stay should issue to prevent foreclosure of the Hilton has been wrested from this court by the Debtor. Should this court eventually reverse Judge Patterson and remand for a continuation of the Chapter XII proceed-

ings, the result of having two reorganization proceedings pending would be two bankruptcy courts attempting to supervise the administration of the Debtor's property, both with the power to appoint a trustee. The above sufficiently demonstrates the inappropriateness of permitting two courts to continue the exercise of in rem jurisdiction over the same assets in a reorganization proceeding.

This court has the broad equitable power necessary to enjoin the Debtor from further pursuing any bankruptcy action in Maryland. *See In re Imperial "400" National, Inc., supra*; *In re W. F. Hurley, Inc.*, 553 F.2d 1096 (8th Cir. 1977). The inherent equitable powers of this court are buttressed by the All Writs Act, 28 U.S.C.A. § 1651 which gives this court the power to issue "all writs necessary or appropriate in aid of [its] jurisdictions . . . ." Relevant to the exercise of this power is the policy of the reorganization statutes that "'the entire administration of an estate should be centralized in a single reorganization court.'" *In re Imperial "400" National, Inc., supra* at 677, *quoting from Duggan v. Sansberry*, 327 U.S. 499, 511, 66 S.Ct. 657, 662–63, 90 L.Ed. 809 (1946).

[A] "reorganization court can and should enjoin the prosecution of any suit which would take from it the decision of any question which it has a duty to decide in connection with the reorganization or which would hamper it in any way in exercising the power imposed upon it by Chapter X."

*In re Imperial "400" National, Inc., supra* at 677, *quoting from First National Bank in Houston, Tex. v. Lake*, 199 F.2d 524, 528 (4th Cir. 1952).

This power was also recognized by the Eighth Circuit in *In re W. F. Hurley, Inc.*, 553 F.2d 1096 (8th Cir. 1977). The court stated,

We agree with the Trustee that in view of the provisions of 11 U.S.C. §§ 11(a)(15), 511 and 516(4) a Chapter X court may, in the exercise of its discretion, enjoin or stay proceedings in other courts, including a Chapter XI proceeding in another

bankruptcy court, involving the Chapter X debtor or its Trustee, where such action is necessary to protect the jurisdiction of the Chapter X court, to insure the orderly administration of the Chapter X proceeding, to protect the property of the debtor, or to protect the court and the Trustee from impediments or vexatious interference resulting from the pendency or prosecution of proceedings in the other court. *Id.* at 1101.

All of the above statements and considerations are relevant in this Chapter XII case and support issuance of an injunction. The issuance of an injunction is even more imperative in a case, such as here, where the conflict of jurisdiction is a result of a flagrant attempt by the Debtor at forum shopping. At the hearing on the instant motion, Debtor's counsel candidly admitted that it thought that institution of a second reorganization proceeding was an alternative to direct review upon appeal of decisions made by this court. Such is not the case.

■ Accordingly, this court finds that the Debtor should be enjoined from further prosecuting the Maryland proceeding. The court declines, however, to issue any injunction against the Maryland Bankruptcy Court. *See In re W. F. Hurley, Inc., supra.*

### Motion to Transfer the Maryland Proceedings

Metropolitan also asks this court to transfer the Maryland proceeding to this district pursuant to several provisions of the Bankruptcy Act and the Rules of Bankruptcy.

■ Section 32(a) of the Bankruptcy Act, 11 U.S.C.A. § 55(a), states:

In the event petitions are filed by or against the same person . . . , in different courts of bankruptcy each of which has jurisdiction, the cases shall, by order of the *court first acquiring jurisdiction,* be transferred to and consolidated in the court which can proceed with the same for the greatest convenience of parties in interest. (emphasis added)

Bankruptcy Rule 116(c) is based on § 32(a) and is made applicable to Chapter XII proceedings by Rule 12–13(c). Rule 116(c) is set out below:

If petitions commencing bankruptcy cases or a bankruptcy case and any other case under the Act are filed in different districts by or against (1) the same bankrupt . . . ., the court in which the first petition is filed shall, after hearing on motion and notice to the petitioners and such other persons as the court may designate, determine the court or courts in which the case or cases should proceed in the interest of justice and for the convenience of the parties.

As this court is now the "first court to acquire jurisdiction" and that jurisdiction still exists, it must proceed to make the determination of where "in the interest of justice and for the convenience of the parties" these cases should be heard. In making this determination the fact that Judge Kaiser in Maryland has once determined the very same issue must be weighed in the balance. When Judge Kaiser made his decision, the following facts existed: (1) the principal asset of the Debtor was located in Georgia; (2) the principal business operation of the Debtor was the operation of the Macon Hilton Hotel located in Georgia; (3) the bankruptcy court in Georgia would be better able to supervise the operation of the hotel and be more familiar with the conditions and resources; (4) 115 of the 151 unsecured creditors were located in Georgia while only 6 were located in Maryland; (5) the Debtor was a limited partnership organized under Georgia law; (6) the second, third and fourth mortgage holders were located in Georgia; and (7) the bankruptcy court in Georgia could better evaluate any appraisers and appraisals. The record in this case establishes that no substantial change has occurred with respect to any of the above factors since Judge Kaiser entered his order transferring the case to this district. There being no change in circumstances this court concludes that the Maryland case should be transferred to this district in the interest of justice and for the convenience of the parties in interest.

### Arguments of Debtor

The Debtor raises several points in opposition to Metropolitan's motions. The first

is that Metropolitan's motion is procedurally deficient under the Rules of Bankruptcy and under the Due Process Clause. Upon Debtor's raising these points in relation to claiming a lack of time to prepare for the hearing, this court offered to grant Debtor such continuance as was reasonably needed to permit adequate preparation. The Debtor's counsel refused this offer of a continuance, choosing instead to proceed at that time. Debtor's counsel also stated that they were aware of the general nature of Metropolitan's motion some forty-seven hours before the hearing. In fact, counsel advised this court that Debtor's counsel sought an injunction from Judge Lebowitz in Maryland to prevent Metropolitan from pursuing its motions presently before this court. Obviously Judge Lebowitz was not accommodating to that request. However, this fact does demonstrate Debtor's counsel's familiarity with the law pertaining to the present dispute. From this the court must conclude that Debtor's counsel was adequately prepared, and no prejudice has been incurred by the Debtor because of any lack of time. None of the procedural arguments are of sufficient weight to prevent this court from acting to protect its jurisdiction where such a conflict in jurisdiction as appears in this case exists.

The Debtor also contends that this court lacks jurisdiction of the person of the Debtor and over the subject matter of Metropolitan's motions. The arguments that Judge Lebowitz's assertion of jurisdiction somehow divests this court of jurisdiction and that Metropolitan should be estopped from arguing its Motion to Transfer in this court because it has made such a motion in the Maryland proceedings are frivolous, especially in view of the fact that Debtor instituted those proceedings for the purpose of relitigating all that has gone before in the Middle District of Georgia. It is unbelievable that the Debtor would complain that Metropolitan is seeking a " 'second bite of the apple' before it 'has finished its first' " in view of Debtor's own conduct. Debtor's Brief, p. 4. The assumption of jurisdiction by Judge Lebowitz does create a conflict of jurisdiction but the Debtor cannot, by filing a second reorganization proceeding, deprive this court of its previously established jurisdiction.

At one point in argument, Debtor's counsel argued that this court lost jurisdiction on October 1, 1979 when Judge Patterson entered his last Order of Dismissal. This court has previously reminded the Debtor that it expressly reserved jurisdiction of the appeal while Judge Patterson reconsidered his Order of Dismissal. Thus jurisdiction never left this court. Even if that had not been done, jurisdiction of the appeal would have been reestablished when on October 11, 1979 the Debtor filed a second Notice of Appeal directed at Judge Patterson's Order of October 1, 1979.

The crux of the matter is that the Debtor is presently a party in a Chapter XII case which is before this court. The Debtor has taken action, by filing a second reorganization proceeding in Maryland, aimed at and resulting in a direct interference in this court's exercise of jurisdiction. The Debtor apparently intends by this action to relitigate issues already decided before Judge Patterson and to obtain an alternative to direct review of decisions made by Judge Patterson. This court believes that it has both the jurisdiction and the equitable power to put a stop to the Debtor's game of playing with the federal courts.

Accordingly, it is hereby

ORDERED that Macon Uplands Venture, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Macon Uplands Venture who receive actual notice of this order are enjoined from further prosecution of the bankruptcy proceeding now pending in the United States Bankruptcy Court for the District of Maryland and known as *In re Macon Uplands Venture*, Bankruptcy No. 79-2-1862-L.

ORDERED that Macon Uplands Venture, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Macon Uplands Venture who receive actual notice of this order are enjoined from instituting any

new bankruptcy proceeding in any Bankruptcy Court of the United States, except in the Middle District of Georgia, during the pendency of the Chapter XII proceeding now before this court, known as *In re Macon Uplands Venture*, C.A. No. 79–200–MAC (BK 78–292–MAC).

ORDERED that the bankruptcy proceeding now before the United States Bankruptcy Court for the District of Maryland, known as *In re Macon Uplands Venture*, Bankruptcy No. 79–2–1862–L, is transferred to the United States District Court for the Middle District of Georgia and consolidated with this appeal, pursuant to Bankruptcy Rules 12–13(c) and 116(c) in the interest of justice and for the convenience of the parties.

SO ORDERED, this 20th day of November, 1979.

### Appendix A

OWENS, District Judge:

Debtor Macon Uplands Venture has dismissed its motion for a stay of foreclosure pending appeal and has moved to dismiss its appeal. In its motion to dismiss it "submits that the *only terms and conditions* of said dismissal would be that the stay pending appeal previously granted by this court would be annulled as of the execution of the order dismissing the Appeal." (emphasis added).

Prior to filing its said motion to dismiss, debtor's attorney Charles M. Tatelbaum verbally advised this judge that debtor intended to dismiss its appeal for the purpose of immediately commencing a new bankruptcy proceeding under the more liberal provisions of the Bankruptcy Reform Act of 1978 (effective October 1, 1979) in the United States Bankruptcy Court for the District of Maryland.[1] Being so advised this judge suggested to Mr. Tatelbaum that the debtor's intention to dismiss in this court and refile under the Bankruptcy Reform Act in the District of Maryland is contrary to the savings provisions of the Act, to wit:

"Section 403 of Pub.L.95–598, Title IV, Nov. 6, 1978, 92 Stat. 2683, provided that:

" '(a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted.' "

See also 1978 U.S. Congressional and Administrative News at pp. 5806, 5952, 6244 and 6414.

It being the clear intention of Congress that this case which was commenced under the old law and adjudged factually and legally under the old law, will proceed "as if this [Bankruptcy Reform] Act had not been enacted . . ." the sole remedy of debtor is under the provisions of the old law. If this case is dismissed, debtor will have voluntarily dismissed its only appeal of right from Bankruptcy Judge Patterson's order of dismissal and it will have no further right to proceed in this court or any other United States Court. Contrary to the language of debtor's motion the dismissal of debtor's appeal will be *with prejudice* to the right of debtor to further proceed under the bankruptcy laws of the United States, an effect greater than stated in its motion.

Because of its views this court is willing to grant debtor's motion to dismiss but only with prejudice to the right of debtor to further proceed under the bankruptcy laws—old or new—of the United States. Any other dismissal would be for an impermissible purpose and will not be granted by this court.

Debtor by 5:00 p. m., Monday, October 22, 1979, shall elect in writing filed with the clerk to either continue with its appeal or to have its appeal dismissed with prejudice to its right to further proceed under the bankruptcy laws—old or new—of the United States.

---

1. On Monday, October 15, Bankruptcy Judge Harvey M. Lebowitz of the District of Maryland advised this judge that debtor's attorneys were there seeking to commence a proceeding under the Bankruptcy Reform Act.

Debtor's attorney and all other attorneys shall be given immediate telephone notice of this order and a copy shall be served by United States mail.

The hearing on debtor's motion for a further stay which was to be held Thursday, October 18, 1979, at 2:00 p. m., is vacated on account of debtor's dismissal of that motion.

SO ORDERED, this the 16th day of October, 1979.