**In re MACON UPLANDS VENTURE, a Limited Partnership, Debtor.**

**Bankruptcy No. 79–2–1862–L.**

United States Bankruptcy Court, D. Maryland.

Dec. 11, 1979.

---

## SUPPLEMENTAL OPINION AND ORDER

HARVEY M. LEBOWITZ, Bankruptcy Judge.

The issuance of this Supplemental Opinion and Order is made necessary by reason of the entry of an Order, dated November 20, 1979, by Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of Georgia in the proceeding known as *In re Macon Uplands Venture*, 2 B.R. 429, Civil Action No. 79–200–MAC, Bankruptcy No. 78–292–MAC, (hereinafter referred to as the "Order") and a proposed Order Transferring Case which has been submitted to this court by Metropolitan Life Insurance Company ("Metropolitan"). An official copy of Judge Owens' Order was not received by this court until November 30, 1979, and the proposed Order of Metropolitan was not received by this court until December 3, 1979. As a result of the uncertainty which has now been cre-

ated regarding the continued administration of the Chapter 11 case filed by Macon Uplands Venture ("Uplands") in this court and any future actions by this court with respect to that case, this court feels compelled to promptly issue this Supplemental Opinion and Order.

Judge Owens' Order of November 20, 1979, grants the following relief:

ORDERED that Macon Uplands Venture, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Macon Uplands Venture who receive actual notice of this order are enjoined from further prosecution of the bankruptcy proceeding now pending in the United States Bankruptcy Court for the District of Maryland and known as *In Re Macon Uplands Venture*, Bankruptcy No. 79–2–1862–L.

ORDERED that Macon Uplands Venture, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Macon Uplands Venture who receive actual notice of this order are enjoined from instituting any new bankruptcy proceeding in any Bankruptcy Court of the United States, except in the Middle District of Georgia, during the pendency of the Chapter XII proceeding now before this court, known as *In Re Macon Uplands Venture*, C.A. 79–200–MAC (BK 78–292–MAC).

ORDERED that the bankruptcy proceeding now before the United States Bankruptcy Court for the District of Maryland known as *In Re Macon Uplands Venture*, Bankruptcy No. 79–2–1862–L, is transferred to the United States District Court for the Middle District of Georgia and consolidated with this appeal, pursuant to Bankruptcy Rules 12–13(c) and 116(c) in the interest of justice and for the convenience of the parties.

The facts have been set out at length in the Memorandum Opinion previously issued by this court on November 5, 1979, 2 B.R. 421, ("Opinion") and in the Order of Judge Owens of November 20, 1979. How-

ever, a short statement of the facts material to the issues now presented to this court is necessary.

Uplands is a Georgia limited partnership whose principal asset is the Macon Hilton Hotel located in Macon, Georgia. Metropolitan is a secured creditor of the Debtor, holding a note secured by a first lien deed covering the Macon Hilton Hotel.

On February 17, 1978, an Original Petition under Chapter XII of the Bankruptcy Act was filed in this court by Uplands, as Debtor. Metropolitan filed an Objection To Venue And Motion To Transfer Case, citing as authority Bankruptcy Rule 116. Judge Joseph O. Kaiser, Bankruptcy Judge for the United States District Court for the District of Maryland, issued a Notice of Hearing on the said Motion of Metropolitan for an order under Chapter XII, Rule 12–13(b) (titled "Venue and Transfer") and Bankruptcy Rule 116(b) (also titled "Venue and Transfer"), to transfer the case to the United States District Court for the Middle District of Georgia. After a hearing on Metropolitan's Motion, Judge Kaiser entered an Order on March 30, 1978, transferring the proceeding to the United States District Court for the Middle District of Georgia. Judge Kaiser stated as his reason for granting the transfer, ". . . it appearing that transfer of this proceeding to the United States District Court for the Middle District of Georgia would be in the interest of justice and for the convenience of the parties, . . ."

On July 13, 1979, Judge W. J. Patterson, Jr., Bankruptcy Judge for the Middle District of Georgia, denied confirmation of the Debtor's Chapter XII plan of arrangement and dismissed the Chapter XII case. The Debtor appealed Judge Patterson's Order of Dismissal. On August 28, 1979, Judge Owens, sitting as an appellate judge, remanded the case to the Bankruptcy Court. He stated, however, that he would "retain jurisdiction of this appeal during these proceedings so that a new appeal will not have to be filed." Judge Patterson, after a hearing, again dismissed the Chapter XII case by his Order of October 1, 1979. Debtor attempt-

ed to dismiss the appeal "without prejudice" and informed Judge Owens of its intent to file a case under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101 *et seq.* (the "Code"). Judge Owens by his Order of October 16, 1979, declined to dismiss Debtor's appeal except "with prejudice to the right of Debtor to further proceed under the bankruptcy laws—old or new—of the United States," and by Order of October 25, 1979, altogether denied Debtor's Motion to Dismiss its Appeal. As a result of this denial, Judge Owens continues to assert jurisdiction with respect to the appeal of the dismissal of the Chapter XII case.

On October 17, 1979, the Debtor filed in this court the instant case under Chapter 11 of the Code. On October 29, 1979, Metropolitan filed a Motion To Dismiss, Or, In The Alternative, To Transfer Case. This court, in ruling upon Metropolitan's Motion, issued its Memorandum Opinion and Order of November 5, 1979, in which it determined that this court could entertain and retain jurisdiction over the Chapter 11 case. *See* Opinion, pp. 8–12. This court further ruled that it would not abstain from jurisdiction, Opinion, p. 12, and that it would at a later evidentiary hearing decide the issue of transfer. Opinion, p. 15.

Metropolitan has, since this court's ruling, filed before Judge Owens, sitting as an appellate court, an original Motion For Jurisdiction and an original Motion To Compel Debtor To Proceed In Court Previously Determined As Proper And To Enjoin Maryland Bankruptcy Proceeding And To Transfer Maryland Proceeding.

On November 16, 1979, following the filing of the above motions in Georgia, Metropolitan further invoked the jurisdiction of this court by filing herein a Motion To Extend Time for filing an application for leave to appeal from this court's November 5, 1979, decision. On November 20, 1979, Metropolitan filed a revised page 2 of the said Motion To Extend Time. On December 3, 1979, Metropolitan filed the proposed Order Transferring Case. Both requests are currently before this court.

## JURISDICTION

Judge Owens states that the United States District Court for the Middle District of Georgia acquired jurisdiction when the Chapter XII case was transferred to that District by Judge Kaiser on March 30, 1978, and, therefore, has exclusive jurisdiction of the debtor and his property wherever located under Section 411 of the Bankruptcy Act of 1898, as amended, 11 U.S.C. § 811. He further states that this court is also asserting "exclusive jurisdiction of the debtor and his property under § 411." (Order, pp. 3–4). In its Opinion of November 5, 1979, this court determined that Debtor's petition under Chapter 11 of the Code had been properly filed and that this court had jurisdiction over same. Having made that finding, the provisions of 28 U.S.C. §§ 1471(c) and 1471(e) would apply to vest exclusive jurisdiction in this court and not the provisions of § 411 of the Bankruptcy Act. Section 1471(c) provides:

> The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Section 1471(e) provides:

> The bankruptcy court in which *a case under title 11 is commenced* shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case. (Emphasis supplied).

Section 411 of the Bankruptcy Act under which Judge Owens asserts jurisdiction states:

> Where not inconsistent with the provisions of this chapter, *the court in which the petition is filed* shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located. (Emphasis supplied).

The court in which the petition was first filed in the Chapter XII case was, however, the United States District Court for the District of Maryland. The case was then transferred to the Middle District of Georgia under the venue provision of Chapter XII, Rule 12–13(b) and Bankruptcy Rule 116(b).

It is the opinion of this court that under the language of both § 411 of the Act and § 1471(e) of the Code, jurisdiction initially vested in this court in both the Chapter XII case under the Act and the Chapter 11 case under the Code since both cases were first commenced in this district.

With respect to the Chapter XII case, Judge Owens is presently sitting as an appellate court and not as a court of original jurisdiction. Under the Code, Judge Owens can not sit as a court of original jurisdiction in the Chapter 11 case since original and exclusive jurisdiction of the Chapter 11 case is vested exclusively in the United States Bankruptcy Courts under 28 U.S.C. § 1471(c).

## TRANSFER

In his third decretal paragraph, Judge Owens ordered that the proceeding pending before this court is transferred to the United States District Court for the Middle District of Georgia and consolidated with the appeal of the Chapter XII case pursuant to Bankruptcy Rules 12–13(c) and 116(c) in the interest of justice and for the convenience of the parties.

In so ordering Judge Owens cites § 32(a) of the Bankruptcy Act, 11 U.S.C. § 55(a), Order, p. 6, which states:

> In the event petitions are filed by or against the same person  .  .  ., in different courts of bankruptcy each of which has jurisdiction, the cases shall by order of *the court first acquiring jurisdiction*, be transferred to and consolidated in the court which can proceed with the same for the greatest convenience of the parties in interest. (Emphasis supplied).

Section 32(a) of the Act is superseded and supplemented by Rule 116(c), which is made applicable to Chapter XII cases by Bankruptcy Rule 12–13(c), both of which Judges Owens also cites as authority for transfer and consolidation. Order, p. 6. Rule 116 provides in subsection (c):

> If petitions commencing bankruptcy cases or a bankruptcy case and any other

case under the Act are filed in different districts by or against (1) the same bankrupt . . . *the court in which the first petition is filed shall,* after hearing on motion and notice to the petitioners and such other persons as the court may designate, *determine* the court or courts in which the case or cases should proceed in the interest of justice and for the convenience of the parties. (Emphasis supplied).

The provisions referred to above govern the venue of cases filed under the Act. The venue of cases filed under the Code is governed by 28 U.S.C. §§ 1472 *et seq.* Section 1475 of 28 U.S.C., titled "Change of Venue", provides:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case *to* a bankruptcy court for another district, in the interest of justice and for the convenience of the parties. (Emphasis supplied).

■ This court has determined that § 1475 of 28 U.S.C. is presently applicable to the Courts of Bankruptcy and that this court will hold an evidentiary hearing on the question of where venue properly lies with respect to the Chapter 11 case. Under § 1475, it is this court which may transfer a case or a proceeding arising under the Code to another bankruptcy court.

This court, after reconsideration, now concludes that Rule 116(c), although unaffected by the Code, is not applicable in the present circumstances. First, under the terms of § 32(a), as supplemented by Rule 116(c), transfer of a case may be obtained if two or more petitions are filed in different districts. There must be an original petition filed in another district. 2A Collier on Bankruptcy, ¶ 32.02 at 1315 (14th ed.). Both the original petition filed by the Debtor in the Chapter XII Bankruptcy Act case and the original petition filed by the Debtor in the Chapter 11 Code case were filed in the same district—the District of Maryland. Second, Rule 116(c) directs itself to a number of cases filed "under the Act", and is not directed to one petition filed in a case

under the Act and another petition filed in a case under the Code. Third, it is the opinion of this court that to the extent Rule 116(c) remains unaffected by the intervention of the Code, 1979 Collier Pamphlet Edition, Part 2 at 65, 1978 Bankruptcy Code—Comment to Rule 116, the Rule could only be applicable to more than one case filed under the Code.

■ It is further the opinion of this court that even if it be assumed that § 32(a) and Rule 116(c) continue to be applicable, the United States District Court for the Middle District of Georgia can not direct, initiate, or effectuate a transfer of the case filed in this district by Uplands under Chapter 11 of the Bankruptcy Reform Act of 1978 to the United States District Court for the Middle District of Georgia and consolidate this Chapter 11 case with the appeal of the Chapter XII case presently pending before Judge Owens.

First, the language of the provisions themselves explicitly states that it is the court in which the first proceeding was instituted that is to determine issues of transfer.

Section 32 of the Act, providing for the transfer of cases, is designed to avoid conflicts of jurisdiction or, more properly designated, venue between the courts of different districts in the event several petitions are filed by or against the same debtor. 2A Collier on Bankruptcy ¶ 32.02 at 1315 (14th ed.).

Section 32 gives the court first *acquiring* jurisdiction the power to determine where the proceeding shall continue, in the event two or more courts have jurisdiction; Bankruptcy Rule 116(c) is in line with that provision. It would appear that jurisdiction of a bankruptcy court initially attaches when a proper petition is filed. *Id.,* at 1316–1317. (Emphasis in text).

These provisions, as supported by the authorities, produce a "pushing effect" by the court first acquiring jurisdiction and not a "pulling effect" by the transferee court.

Even under the general venue provision of the Federal Rules, 28 U.S.C. § 1404(a), which is much less explicit than § 32(a) and Rule 116(c), the courts have applied the "pushing effect" and not the "pulling effect". Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43 (2d Cir. 1961), the Second Circuit in reversing in part held that the United States District Court for the Eastern District of New York, where the first action was filed, lacked the power to transfer the pending Alabama proceeding up to New York. The court in interpreting § 1404(a) stated that "[i]t seems clear that this language presupposes that the action to be transferred is pending in the transferor court. The administration of justice would be chaotic indeed if one district court could order another to divest itself of jurisdiction and to transfer a case properly before it. . . . The attempted consolidation of the two cases for trial is even more questionable." *Id.*, at 46–47. *Cf., Ellicott Machine Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178 (4th Cir. 1974) (where a case was filed in Maryland, another case later filed in Kentucky, and the Kentucky court denied a motion to transfer its case to Maryland and retained the case, the Circuit Court held that the Maryland court could not re-examine the venue determination made by the Kentucky court). Certainly, if the first court under a more general venue provision could not order another court to divest itself of jurisdiction, then the second court under a more definitive venue provision can not order such a divestiture.

Since both the original petitions in the Chapter XII case and the Chapter 11 case were first filed in Maryland, there can be no dispute as to the fact that the United States District Court for the District of Maryland was the first court to acquire jurisdiction over both cases. Judge Owens makes the statement that the United States District Court for the District of Georgia "is now the first court to acquire jurisdiction. . . ." Order, p. 6. *This court is* uncertain as to the meaning of or foundation for that statement.

With respect to the Chapter XII case, the event of transfer by Judge Kaiser to the Georgia court of that case does not alter the fact that it was first filed in this district and does not thereby make the Georgia court *now* the first court to acquire jurisdiction of that case. The case must be examined as of the time of the filing of the original petition to determine which court first acquired jurisdiction and not the posture that the case is in at the present time. The objection and motion filed by Metropolitan before Judge Kaiser only raised the issue of venue, and when Judge Kaiser transferred the Chapter XII case to the Middle District of Georgia, he did so under Bankruptcy Rules 116(b) and 12–13(b). These rules relate to venue and not jurisdiction. *See* 1979 Collier Pamphlet Edition, Part 2 at 62–63, Advisory Committees' Note to Rule 116; *Bass v. Hutchins*, 417 F.2d 692, 694–96 (5th Cir. 1969); *In Re Eatherton*, 271 F.2d 199, 201–03 (8th Cir. 1959). No question was ever raised regarding the jurisdiction of the Maryland court in the Chapter XII case. Jurisdiction of the Chapter XII case was not conferred upon the Middle District of Georgia until after that case was transferred there by Judge Kaiser. If Judge Owens' statement that Georgia is now the first court acquiring jurisdiction means that the Georgia court is the court which now exercises jurisdiction over the Chapter XII case initiated by the filing of the original petition in Maryland, this court, as already stated, agrees that the Georgia court continues to assert jurisdiction for the purposes of the pending appeal.

With respect to the Chapter 11 case, which was also first filed in this district, there has been a determination made that the case was properly filed and that this court has jurisdiction over that case. It is this court, therefore, which has first acquired jurisdiction of the Chapter 11 case. Consequently, under the plain reading of not only § 1475 of 28 U.S.C., which is appli-

cable here, but also under § 32(a) of the Bankruptcy Act and Rule 116(c) of the Bankruptcy Rules and the holdings under 28 U.S.C. § 1404(a), if any court is to determine if and where the Chapter 11 Code case is to be transferred and/or consolidated with the Chapter XII Act case, it is this court and not the Middle District of Georgia. The Chapter 11 case must be pushed to another court, it can not be pulled there.

■ Additionally, it is the opinion of this court, that the transfer of the Chapter 11 Code case to Georgia and its consolidation with the pending appeal of the Chapter XII case, pursuant to Judge Owens' Order would be improper, impracticable, and not in the best interest of justice. The United States Bankruptcy Courts and not the United States District Courts exercise original and exclusive jurisdiction over proceedings under Title 11 of the United States Code, including proceedings under Chapter 11 of that title. 28 U.S.C. § 1471(c). The United States District Courts under the Code can only exercise appellate jurisdiction of a case filed under the Code and only if that procedure has been adopted by the Circuit of which the District Court is a part. 28 U.S.C. §§ 1334, 1408.

Judge Owens of the United States District Court for the Middle District of Georgia now sits as an appellate court for the purpose of deciding the appeal of the dismissal of the Chapter XII case under the Act and not as a court of original jurisdiction in that proceeding. See Bankruptcy Rule 801. In the opinion of this court, even if Judge Owens, as District Judge, could exercise original jurisdiction over the Chapter 11 case, he could not combine the original jurisdiction required of the Chapter 11 case with the appellate jurisdiction presently being exercised with respect to the Chapter XII case.

■ However, under the provisions of the Bankruptcy Reform Act of 1978, Judge Owens, as District Judge, can not exercise original jurisdiction over the Chapter 11 case, since the United States Bankruptcy Courts have been vested with original and exclusive jurisdiction over proceedings un-

der Title 11 of the United States Code. He may only exercise appellate jurisdiction over the Chapter 11 case, if that procedure has been adopted by the Fifth Circuit, and not the original and exclusive jurisdiction mandated at this juncture of the Chapter 11 case by the Code. It is this court's opinion that Judge Owens can not combine the jurisdiction he exercises as an appellate court with the original and exclusive jurisdiction vested in another court over the Chapter 11 case under the Code.

Further, by intending to consolidate the appeal of the Chapter XII case with the Chapter 11 Code case, he would not only be combining cases now at different levels of jurisdiction, but would also be combining an appeal of a case administered and determined under one set of laws (the Chapter XII Bankruptcy Act case) with a new case to be administered and determined under an entirely different set of substantive laws (the Chapter 11 Code case). If there be any intent at all to administer the Chapter 11 Code case in Georgia, the case should be administered by the Bankruptcy Court, and if this court should determine to transfer this case to the Middle District of Georgia it could only be transferred to the United States Bankruptcy Court for that district. 28 U.S.C. § 1475.

For all of the aforegoing reasons, this court believes that it is fair, proper, and in the interest of justice and due process to decline to transfer the Chapter 11 case at this time and to retain jurisdiction over the case. Therefore, Metropolitan's Order Transferring Case will be denied.

This court had indicated in its Opinion of November 5, 1979, that an evidentiary hearing would be held on the issue of venue. Accordingly, an evidentiary hearing will be held within thirty (30) days from the date of this Supplemental Opinion and Order.

In view of the fact that this court will retain jurisdiction and not transfer the case at this time, in order that Metropolitan not be prejudiced by loss of its right of appeal, this court will, by separate Order, grant the extension sought by Metropolitan.

## INJUNCTION OF MACON UPLANDS VENTURE FROM PROCEEDING IN THIS COURT

In his first decretal paragraph, Judge Owens enjoined Uplands, its officers, agents, servants, employees and attorneys and those persons in active concert or participation with Uplands from further prosecuting the bankruptcy proceeding now pending in this court. Order, p. 9. Judge Owens declined to enjoin this court. Order, p. 5.

The cases relied upon as authority for the issuance of the injunction are *In Re Imperial "400" National, Inc.,* 429 F.2d 671 (3rd Cir. 1970) and *In Re W. F. Hurley, Inc.,* 553 F.2d 1096 (8th Cir. 1977). In both of these cases, the courts which issued the injunctive relief were Chapter X corporate reorganization courts. A Chapter X reorganization court has much broader jurisdiction than courts in which other types of bankruptcy proceedings are pending. The case before the Middle District of Georgia is an appeal from a Chapter XII proceeding and not a Chapter X. In both of the cases cited by Judge Owens the various proceedings were then being actively administered in courts of two districts. Uplands Chapter XII case has been dismissed and all that is pending is an appeal from that dismissal. There is no present active administration of the Chapter XII case. *In Re W. F. Hurley, Inc., supra,* was a matter which involved eight companies in a Chapter X proceeding in Arkansas, and the parent company in a Chapter XI proceeding in Texas, from which the Arkansas cases had been transferred, and the court permitted the Chapter X court in Arkansas to enjoin five adversary proceedings filed in Texas in order to insure the orderly administration of the Chapter X proceeding and to protect the Trustee in the Chapter X case from the vexatious interference resulting from the continued prosecution of the adversary proceedings. These are not the circumstances here. There has been no interference with the pending appeal in the Middle District of Georgia by the filing of the Chapter 11 proceeding in Maryland. If any injunctive relief is to be granted in the Chapter 11

case, it should be done by this court and not the Middle District of Georgia.

In *National Equipment Rental,* the Second Circuit affirmed the Eastern District of New York's issuance of an injunction enjoining the further prosecution of the Alabama action as an exercise of sound judicial discretion protecting the jurisdiction of the court. 287 F.2d at 45. The court held that the basic proposition was that "the first court to obtain jurisdiction of the parties and of the issues should have priority over a second court to do so [citation omitted]." *Id.*

This court has asserted jurisdiction over the Chapter 11 case filed in this court by the Debtor on October 17, 1979. Opinion, p. 12. This court has declined to presently transfer the case for reasons stated above. As a consequence of these decisions, Uplands is required by law to take certain actions.

Uplands is required to file with this court a list of its creditors. 11 U.S.C. § 521(1). The Debtor must also file a schedule of its assets and liabilities. *Id.*; Bankruptcy Rule 108. A statement of the Debtor's financial affairs must be filed. *Id.* In addition, the Debtor may be required to file a statement of executory contracts to which it is a party. 11 U.S.C. §§ 365, 521(2). Moreover, the Debtor must appear at the meeting of creditors. 11 U.S.C. § 343. In addition, Uplands must file pursuant to 11 U.S.C. § 1121, its plan of reorganization. If Uplands fails to perform its required duties, this court is empowered to dismiss its petition. 11 U.S.C. §§ 303(j), 1112(b); Bankruptcy Rule 120.

▪ Therefore, until further order of this court or any other court to which the Chapter 11 case may be transferred, Uplands should be allowed to prosecute the Chapter 11 case to the extent necessary to comply with the requirements of the Code and the Rules. Uplands should also, with respect to the Chapter 11 case, be allowed to participate in the hearing to be held on transfer, to defend any controversies or adversary proceedings filed against it, and to prose-

cute or defend any appeal which may be taken from the rulings of this court. Except as above stated, Uplands, its officers, agents, servants, employees and attorneys and those persons in active concert or participation with Uplands shall be enjoined from undertaking any activities in the pending Chapter 11 case which would impede or interfere with the conduct of the appeal pending in the Chapter XII proceeding.

Except to the extent necessary to participate in the hearing to be held on transfer and to prosecute or defend any appeal which may be taken from the rulings of this court, Metropolitan shall be enjoined from taking any further action which would impede or interfere with the proper and orderly administration of the Chapter 11 case by Uplands as permitted in the preceding paragraph.

The Complaint For Monetary Relief heretofore filed by Uplands against Metropolitan in the Chapter 11 case on October 30, 1979, will be stayed until further order of this court or any court to which the Chapter 11 case may be transferred.

Accordingly, it is hereby

ORDERED, that the Order Transferring Case filed in this court by Metropolitan Life Insurance Company be and the same is hereby denied; and be it further

ORDERED, that in view of this court's determination not to presently transfer the Chapter 11 case filed by Macon Uplands Venture to the United States District Court for the Middle District of Georgia, an evidentiary hearing on Metropolitan Life Insurance Company's Motion to Transfer will be held within thirty (30) days from the date hereof; and be it further

ORDERED, that a separate Order will be entered extending the time within which Metropolitan Life Insurance Company shall be required to file an Application for Leave to Appeal; and be it further

ORDERED, that Macon Uplands Venture shall be allowed to prosecute the Chapter 11 case filed in this court under the Bankruptcy Reform Act of 1978 in order to comply with the requirements of said Act and the Bankruptcy Rules, and shall also be permitted to participate in the hearing to be held on transfer, to defend any controversies or adversary proceedings filed against it, and to prosecute or defend any appeal which may be taken from the rulings of this court; and be it further

ORDERED, that except to the extent stated in the preceding decretal paragraph, Macon Uplands Venture, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Macon Uplands Venture who receive actual notice of this order are enjoined from undertaking any activities in this case which would impede or interfere with the conduct of the appeal presently pending *In The Matter of Macon Uplands Venture*, 2 B.R. 429, Civil Action No. 79–200–MAC, Bankruptcy No. 78–292–MAC in the United States District Court for the Middle District of Georgia; and be it further

ORDERED, that except to the extent necessary to participate in the hearing to be held on transfer and to prosecute or defend any appeal which may be taken from the rulings of this court, Metropolitan Life Insurance Company, its officers, agents, servants, employees and attorneys are enjoined from taking any action which would impede or interfere with the proper and orderly administration of this case by Macon Uplands Venture as permitted in the fourth decretal paragraph of this order; and be it further

ORDERED, that the Complaint For Monetary Relief heretofore filed by Macon Uplands Venture against Metropolitan Life Insurance Company in this case on October 30, 1979, is stayed until further order of court.