In re CASH & CARRY TOOL SUPPLY CO., INC., Debtor.

Neil J. GITTELMAN, trustee, Plaintiff,

v.

Orville R. GLASS and Emma L. Glass, his wife, Defendants.

Bankruptcy No. 81–01264 M A.
Adv. No. 82–0329 M.

United States Bankruptcy Court,
D. New Mexico.

Dec. 14, 1982.

Douglas T. Francis, Albuquerque, N.M., for trustee.

Nathan H. Mann, Albuquerque, N.M., for Unsecured Creditors' Committee.

Philip H. Gursky, Albuquerque, N.M., for Orville and Emma Glass.

Jeffrey A. Dahl, Albuquerque, N.M., for debtor.

MARK B. McFEELEY, Bankruptcy Judge.

## MEMORANDUM OPINION

This matter came before the Court on the complaint of the trustee to compel turnover of property. The trustee alleges that Orville's Cash & Carry Tool Supply Co., Inc., a Texas corporation (Orville's), was never properly incorporated under Texas law, and has never been a separate and distinct entity apart from Cash & Carry Tool Supply Co., Inc., a New Mexico corporation (debtor), or that the Orville's stock is held in constructive trust for the debtor and as such is an asset of the debtor. The trustee urges that the stock of Orville's or alternatively its assets should be turned over and included in the administration of the debtor's chapter 11 proceeding.

The facts are as follows: The debtor was incorporated in May of 1979. Sole shareholders are Orville R. Glass and Emma L. Glass, with Orville R. Glass serving as president of the corporation. The debtor began selling to Texas retailers, after which Or-ville's was incorporated in January of 1980 to assume that Texas business. Sole shareholders in Orville's are Orville R. Glass and Emma L. Glass, and Orville R. Glass is also the president of Orville's. The debtor filed bankruptcy in December 1981 in the District of New Mexico; Orville's filed bankruptcy in April 1982 in the Western District of Texas, El Paso Division.

■ At the trial of this complaint, the trustee moved to admit the deposition of Orville R. Glass, taken pursuant to Fed.R. Bankr.P. 205 in the New Mexico proceeding. Orville's objected to the admission on the grounds that it was being offered against Orville's and no attorney for Orville's was present to represent Mr. Glass in his capacity as stockholder and president of that corporation when the deposition was taken. This Court decided this issue when the same deposition was offered into evidence in another proceeding in the bankruptcy from which this adversary proceeding arises. This Court found that the deposition was admissible, and will not here repeat the entire rationale, but rather will refer to that opinion as controlling, *In re Cash & Carry Tool Supply Co., Inc.*, 22 B.R. 281 (Bkrtcy.D.N.M.1982), and finds the deposition of Orville R. Glass admissible in this proceeding.

■ The trustee alleges that Orville and Emma Glass began Orville's with funds diverted from the debtor, thus breaching their fiduciary duty to the corporation and making them constructive trustees of the Orville's stock. Trustee cites *Trim Cut Co., Inc., v. Beasley (In re Trim-Lean Meat Products, Inc.)*, 2 C.B.C.2d 117, 4 B.R. 243 (Bkrtcy.D.Del.1980), as support for this position. However, the evidence presented at trial in the instant case showed that although one set of books was kept for both corporations, separate accountings were maintained within those books, that amounts due one corporation from the other were acknowledged and properly listed in those accounts, and that no funds were diverted from the debtor to Orville's. It is clear that the debtor is a creditor of Or-

ville's, but that status no more entitles it to the Orville's stock than any other Orville's creditor. Accordingly, the Court finds that Orville and Emma Glass are not constructive trustees of the Orville's stock and that the debtor is not the equitable owner of that stock.

The trustee also raised the issue of the proper incorporation of Orville's, arguing that Orville's was never properly formed, thus remaining a part of the debtor. As grounds trustee cites the Texas Business Corporation Act, Art. 2.16, which requires that consideration for stock issued be actually received by the corporation, *Tex.Bus. Corp. Act Ann. art. 2.16* (Vernon, 1980), and the Orville's articles of incorporation which require $1,000.00 to be received by Orville's for the issuance of its stock. Evidence at trial showed that this $1,000.00 was listed as an account receivable in the Orville's books which was never collected by Orville's and Orville Glass admitted at trial that he never paid $1,000.00 to Orville's to pay for the stock. The result of this failure to pay must be determined through interpretation of Texas law.

Article 3.05 of the Texas Business Corporation Act, *Tex.Bus.Corp. Act Ann. art. 3.05,* addresses the failure of a corporation to collect all funds for stock issued before commencing business. The comment of the bar committee to that section notes that other than the liability imposed on the directors by art. 2.41(A)(5) of the Business Corporation Act, there are no sanctions imposed for violation of the section. Article 2.41 makes the directors jointly and severally liable for the required amount, in this case $1,000.00, with liability terminated once the funds are received. *Tex.Bus.Corp. Act Ann. art. 2.41(A)(5).* That article also provides that failure to comply with articles requiring collection of funds may result in involuntary dissolution under articles 7.01(A)(3) or (4). Articles 7.01(A)(3) and (4) provide for involuntary dissolution by decree of the district court upon an action filed by the attorney general when it is shown that a corporation has continued to transact business beyond the scope of its articles of incorporation, which must require at least $1,000.00 for stock issued,

*Tex.Bus.Corp. Act Ann. art. 3.02(A)(7),* or when a misrepresentation of a material matter has been made in any application, report, affidavit, or other document submitted by a corporation pursuant to the act. *Tex.Bus.Corp. Act Ann. art 7.01(A)(3–4).* These provisions for voluntary dissolution have not been interpreted in a situation where the corporation has failed to make the required collection of funds for stock issued. They have, however, been applied to cases involving other statutory grounds for involuntary dissolution under art. 7.01. These cases agree that art. 7.01 does not result in *ipso facto* dissolution of the corporation, but is only grounds for dissolution which must be prosecuted by the state. *Canadian Country Club v. Johnson,* 176 S.W. 835 (Tex.Civ.App.1915), 196 S.W. 202 (Tex. Civ.App.1917). In light of this interpretation of Texas law by Texas courts, this Court must find that Orville's is a properly formed corporation and remains such in the absence of any action by the Texas Attorney General's office. It is a separate and distinct entity apart from the debtor, and as such is not the property of the debtor. Accordingly, the trustee's complaint to compel turnover of the stock or property shall be dismissed.

An appropriate order shall enter.